IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF   * <br> JEFFREY POTTER, OWNER OF A   * <br> 1991 FOUR WINNS 235 VISTA <br> (HULL I.D. 4WNCU125C191)   *   Civil Action No. _____ <br> FOR EXONERATION FROM OR <br> LIMITATION OF LIABILITY   * <br><br> Petitioner   * <br> _____/ | |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Petitioner Jeffrey Potter, owner of a 1991 Four Winns 235 Vista bearing hull identification number 4WNCU125C191 (the "Vessel"), by his undersigned attorneys, pursuant to 46 U.S.C. §30501-30512 and Rule F of the Supplement Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, and states:

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and is a case of admiralty and maritime jurisdiction within 28 U.S.C. § 1333.

2. Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, in that the Vessel has not been arrested or attached, no actions have been filed with respect to the claims referred to herein, and the remains of the Vessel are in this District.

3. The events, acts, and circumstances giving rise to this action occurred on the navigable waters of the United States during traditional maritime activity.

4. At all times relevant hereto, Jeffrey Potter was a resident of Washington, D.C. and the owner of the Vessel.

5. The Vessel has always been used as a recreational motor vessel and has never been known to carry passengers or freight for hire. Therefore, there are no outstanding amounts due for freight or hire.

6. Prior to and at all times material hereto, Petitioner exercised due diligence to make the Vessel seaworthy, and the Vessel was at the time of the commencement of the voyage described herein and throughout the course of the voyage, staunch, strong, fully and properly equipped, manned and supplied.

7. On May 31, 2020, Petitioner boarded his Vessel at the Fort Washington Marina. He was accompanied by Dora King and her two (2) female friends, whose identities are unknown.

8. The group left the Fort Washington Marina and traveled north on the Potomac River to the National Harbor Marina.

9. Petitioner pulled up to the gas fueling station at the National Harbor Marina, turned the power off and re-fueled the Vessel.

10. An explosion occurred in the process of starting the Vessel, causing the engine hatch to blow off and flames to shoot out of the engine compartment.

11. Dora King, who was standing behind Petitioner in front of the engine hatch, sustained burns to her legs.

12. Petitioner called 911 and Ms. King was transported by ambulance to the hospital.

13. There are currently no actions or proceedings against Petitioner or the Vessel. However, Petitioner has received a letter of representation from counsel for Ms. King.

14. Petitioner believes and therefore allege that the value of the Vessel at the close of the voyage did not and does not exceed $2,900.00. *See* Affidavit of Michael J. McCook, Exhibit 1.

15. Although the full extent of the pecuniary loss and damage resulting from the casualty is not yet known, Petitioner anticipates that the total amount of the potential claims will exceed the value of the Vessel following the casualty.

16. The above-described occurrence and the losses, damages and injuries resulting from that occurrence were not caused or contributed to by any fault, neglect, design, or want of due care on the part of Petitioner or anyone for whom Petitioners may be responsible.

17. The above-described occurrence and the losses, damages and injuries resulting from that occurrence were occasioned and incurred without the privity or knowledge of Petitioner.

18. Pursuant to Supplemental Rule F, Petitioner alleges that he is entitled to exoneration from liability for any loss, damage or injury resulting from that occurrence.

19. Alternatively, Petitioner demands the limitation of liability provided by 46 U.S.C. §30501-30512 for any loss, damage, injury or destruction arising out of the casualty, and incidents described above.

20. Petitioner offers and files with the Court an *Ad Interim* Stipulation for Value and Costs, attached as Exhibit 2, in the amount of sum of $2,900.00, with interest at a rate of six percent (6%) per annum thereon from the date hereof, together with the additional sum of $1,000.00 as security for costs pursuant to LAR(f)(1). If any claimant should by motion demand an increase in the amount of the security and if the Court should find after due appraisement that the security provided is insufficient, Petitioner is ready and willing to file when and if so ordered,

a further bond or stipulation for value or other approved security pursuant to Rule F(1) of the Supplemental Rules, plus costs.

WHEREFORE, Petitioner Jeffrey Potter prays:

a.  That the Court enter an Order permitting Petitioner to file the *Ad Interim* Stipulation for Value and Costs to be continued in full force and effect until the value of the Vessel might be more fully determined by due appraisal ordered by the Court, if requested, in which event Petitioner shall pay into the Court any additional amount or provide additional or superseding security applicable to the Court sufficient fully to cover such appraisal;

b.  That the Court enter an Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, injury or destruction occasioned or incurred by or in any way relating to the casualty hereinabove described, admonishing them to file their claim with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before a date to be named in the Notice;

c.  That this Court enter an Order restraining the commencement of further prosecution of any and all suits, actions and proceedings which may have been commenced in any court whatsoever to recover damages for any and all loss, damage, injury or destruction occasioned or incurred by or in any way relating to the casualty hereinabove described against Petitioner and/or the Vessel;

d.  That this Court adjudge that Petitioner and the Vessel are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the casualty, or, in the alternative, if Petitioner is found liable, then that any such liability be limited to the value of the Petitioner's interest in the Vessel following the casualty; and

e.  That the Court grant Petitioner all further relief as it may deem appropriate.

By:     */s/ Steven E. Leder*
Steven E. Leder (Bar No. 00377)
Julie F. Maloney (Bar No. 26252)
Downs Ward Bender Hauptmann & Herzog, P.A
Executive Plaza III
11350 McCormick Rd, Suite 400
Hunt Valley, Maryland 21031
Phone: 410-584-2800
sleder@downs-ward.com
jmaloney@downs-ward.com
*Attorneys for Petitioner Jeffrey Potter*

## VERIFICATION IN ACCORDANCE WITH 28 U.S.C. §1746

I, Jeffrey Potter, am the owner of the 1991 Four Winns 235 Vista bearing hull identification number 4WNCU125C191, and was the owner at the time of the incidents referred to in the foregoing Verified Complaint. I have read the foregoing Verified Complaint and know the contents therefore and the same are true to my knowledge, except as to matters stated therein upon information and belief, and as to those matters, I believe them to be true. The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my personal knowledge are reports made to me by my insurer, my attorneys, and their representatives.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of November, 2020.

Jeffrey Potter